IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ABU SADAH BANSE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-01840 (AJT-WEF) |
| | ) | |
| TODD M. LYONS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Before the Court is Abu Sadah Banse's ("Petitioner") Petition for Writ of Habeas Corpus. [Doc. No. 1]; ("Petition"). By order dated June 26, 2026, the Court ordered the Government to respond to the Petition within six days, [Doc. No. 2], and Respondents timely submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Aguilar v. Noem,* 1:26-cv-588-AJT-WBP, Doc. No. 7 (E.D. Va. Apr. 29, 2026), or other opinions of this Court cited therein. [Doc. No. 4].

Petitioner is a citizen of Ghana, who is alleged to have entered the United States without inspection in or around 1993. [Petition] ¶¶ 35-36. Petitioner further alleges that in or around 2008, he was arrested by immigration officials, placed into removal proceedings before the Hartford, Connecticut Immigration Court, and ultimately ordered removed from the United States; but that during those removal proceedings he was released from detention on an Order of Supervision ("OSUP"). *Id*. ¶¶ 37-38. He alleges that he fully complied with the terms of his OSUP until, on January 16, 2026, he was arrested by Respondents at a routine OSUP check-in and eventually taken to the Farmville Detention Center. *Id*. ¶¶ 38, 41. Finally, Petitioner alleges that he remains in that facility and has not been provided a bond hearing. *Id*. ¶¶ 5, 41.

In light of the foregoing, the Court determines, as it did in *Aguilar*, that that Respondents' revocation of Petitioner's OSUP without, *inter alia*, Respondents having made the requisite factual findings and without Petitioner having been afforded adequate notice or an informal interview regarding the changed circumstances purportedly justifying his re-detention; as well as Petitioner's resulting detention, violated Respondents' own regulations, chiefly under 8 C.F.R. § 241.4(l), as well as Petitioner's due process rights and *Accardi v. Shaughnessy*, 347 U.S. 260 (1954). Accordingly, Petitioner is entitled to release under *Accardi*.

Accordingly, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondent's revocation of Petitioner's Order of Supervision be, and the same hereby is, VACATED; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner from detention immediately and place him under his prior Order of Supervision; and it is further

**ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner based on a revocation of his Order of Supervision without first complying in all respects with the applicable regulations concerning such revocation, as identified herein, including stating the specific factual basis for any claim of a "change in circumstances," affording Petitioner the informal interview required by 8 C.F.R. § 241.13(i)(3), and securing revocation by an official the regulations authorize to act; and it is further

**ORDERED** that all other claims and forms of relief requested in the Petition are **DENIED** without prejudice.

2

The Clerk is directed to forward a copy of this Order to counsel of record, and to terminate the case.

Anthony J. Trenga
Senior United States District Judge

Alexandria, Virginia
July 2, 2026

3